## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Civil Case Number:** _____

| | | |
|---|---|---|
| **WILLIAM A. CARTER**, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| **HEMISPHERX BIOPHARMA, INC.,** | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, **WILLIAM A. CARTER** ("CARTER"), sues Defendant, **HEMISPHERX**

**BIOPHARMA, INC.** ("HEMISPHERX"), a Delaware corporation, and alleges:

### I.     NATURE OF ACTION AND JURISDICTION

1.     This is a civil action seeking damages against the Defendant for the wrongful

termination of Plaintiff pursuant to an Engagement Agreement and an Employment Agreement,

the Defendant's breach of each such agreement, for unpaid wages and unlawful retaliation.

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, which

provides the district courts with original jurisdiction over an action between citizens of different

states and in which the amount in controversy exceeds Seventy-Five Thousand Dollars

($75,000.00), exclusive of interests and costs.

3.     The amount in controversy in the instant matter exceeds Seventy-Five Thousand

Dollars ($75,000.00). Moreover, complete diversity exists because the parties are citizens of

different states.

4.      Venue is proper within this District pursuant to 28 U.S.C. §1391(b) and (c), and this Court has personal jurisdiction over the Defendant because: (1) the Defendant conducts business within this District and derives revenue from work performed in this District; (2) the Defendant maintains an office and meeting place within this District; (3) the Defendant maintains agents within this District; (4) a substantial part of the events giving rise to this cause of action occurred in this District; and (5) the Defendant caused injury to Plaintiff within this District.

## II.      THE PARTIES

5.      Plaintiff CARTER is a resident of Monroe County, Florida, whose principal residence is located at 89501 Old Highway, Tavernier, Florida 33070.

6.      Defendant HEMISPHERX is a for profit biopharmaceutical corporation incorporated in Delaware, having its principal place of business in Philadelphia, Pennsylvania.

## III.      COMMON ALLEGATIONS

7.      On June 11, 2010, Plaintiff CARTER and Defendant HEMISPHERX entered into an Amended and Restated Engagement Agreement ("Engagement Agreement"), a true and correct copy of which is attached hereto as Exhibit "A".

8.      The Engagement Agreement set forth, in pertinent part:

a.      Plaintiff would serve as a consultant to Defendant relating to patent development (Section 1);

b.      The term of the Engagement Agreement shall be from June 1, 2010 through December 31, 2015, and shall be automatically renewed for successive one (1) year periods unless written notice is given at least ninety (90) days prior to expiration (Section 2);

c.      Defendant shall pay Plaintiff a fee of Three Hundred Thousand Dollars ($300,000.00) per year, subject to yearly adjustments (Sections 3(a) and 3(b));

d.      Plaintiff shall be eligible for a performance bonus of up to twenty-five percent (25%) of his base fee then in effect (Section 3(c));

2

e.   Defendant may terminate Plaintiff for "cause" pursuant to the procedures and guidelines set forth by the Agreement (Section 5(a));

f.   Plaintiff has the right to terminate the Agreement upon thirty (30) days written notice (Section 5(b)); and

g.   In the event Plaintiff is terminated without cause, Defendant shall pay Plaintiff all fees otherwise due and payable to him through the last day of the current term of the Engagement Agreement (Section 6(b)).

9.   The Engagement Agreement was subsequently modified so that it would be automatically renewed for successive one (1) month periods rather than one (1) year periods.

10.   The Engagement Agreement does not set forth any means for terminating Plaintiff absent a showing of cause.

11.   In addition to the Engagement Agreement, on December 6, 2011, Plaintiff and Defendant entered into an Amended and Restated Employment Agreement ("Employment Agreement"), a true and correct copy of which is attached hereto as Exhibit "B".

12.   The Employment Agreement sets forth, in pertinent part:

a.   Plaintiff shall be designated as Chief Executive Officer, President, and Chairman of Defendant's Board (Section 1);

b.   Plaintiff shall serve on Defendant's Board of Directors and receive director's fees at the highest rate then being paid to other members of the Board (Section 1);

c.   The term of the Employment Agreement shall be from November 15, 2011 through December 31, 2016 (Section 2);

d.   Defendant shall pay Plaintiff a salary of Six Hundred Twenty-Five Thousand Dollars ($625,000.00) per year, subject to cost-of-living adjustments (Section 3(a));

e.   Plaintiff shall be eligible to be paid a performance bonus in an amount up to twenty-five percent (25%) of his salary then in effect, in addition to an incentive bonus in an amount equal to two and a half percent (2.5%) of the gross proceeds of certain sales (Sections 3(c)(i) and 3(c)(ii));

3

f.  Plaintiff will be granted stock options as additional compensation (Section 3(d));

g.  Plaintiff shall be entitled to receive certain fringe benefits applicable from time to time (Section 5(a));

h.  Defendant may terminate Plaintiff for "cause" pursuant to the procedures and guidelines set forth by the Agreement (Section 6(a));

i.  Plaintiff has the right to terminate the Agreement upon thirty (30) days written notice (Section 6(c)); and

j.  In the event Plaintiff is terminated without cause, Defendant shall pay to Plaintiff the compensation and benefits otherwise due and payable through the last day of the then current term (Section 7(b)).

13.  The Employment Agreement was subsequently modified so that Plaintiff would receive only fifty percent (50%) of his salary for the months of February 2016 through April 2016.

14.  The Employment Agreement does not set forth any means for terminating Plaintiff absent a showing of cause.

15.  On February 17, 2016, during a Board of Directors meeting taking place in Miami-Dade County, Florida, the Defendant terminated both the Engagement Agreement and the Employment Agreement without cause and without any prior written notice to Plaintiff.

16.  The Defendant terminated Plaintiff under the pretext that he was "disruptive"; yet, Defendant failed to follow the "cause" termination procedures and guidelines set forth by either agreement.

17.  Pursuant to Section 6(b) of the Engagement Agreement and Section 7(b) of the Employment Agreement, Defendant is required to pay Plaintiff all compensation and benefits owed through the remainder of each respective term at the time of termination.

18.     Plaintiff is owed in excess of Twenty Thousand Dollars ($20,000.00), exclusive of attorney's fees, costs, and interest, for the remainder of the current term of the Engagement Agreement, plus any and all accrued but unpaid performance bonuses.

19.     Plaintiff is further owed in excess of One Million Dollars ($1,000,000.00), exclusive of attorney's fees, costs, and interest, for the remainder of the current term of the Employment Agreement, including:

     a.     Approximately Five Hundred Thousand Dollars ($500,000.00) in unpaid but owed salary;

     b.     Any and all accrued but unpaid director's fees;

     c.     Any and all accrued but unpaid performance bonuses;

     d.     Any and all accrued but unpaid incentive bonuses;

     e.     Any and all accrued but unpaid fringe benefits; and

     f.     Four Hundred Forty-Three Thousand Nine Hundred Forty-Nine Dollars and Forty-Four Cents ($443,949.44) in accrued but unpaid "ATM bonuses"; and

     g.     Any and all accrued but not granted stock options.

20.     Despite Plaintiff CARTER's demands, Defendant HEMISPHERX has refused to fully compensate Plaintiff pursuant to the terms of the Engagement Agreement and Employment Agreement.

21.     All conditions precedent to this action have been performed or waived.

## COUNT I:
## WRONGFUL TERMINATION OF ENGAGEMENT AGREEMENT

22.     Plaintiff CARTER re-alleges and re-avers the allegations of Paragraphs 1 through 21 as though fully set forth herein.

23.     Plaintiff CARTER and Defendant HEMISPHERX entered into a written Engagement Agreement, a true and correct copy of which is attached hereto as Exhibit "A".

24.     The Engagement Agreement set forth a fixed term of June 1, 2010 through December 31, 2015, and that the Agreement shall be automatically renewed for successive periods absent prior written notice. Such fixed term was communicated to and accepted by Plaintiff.

25.     The Engagement Agreement further provided that Plaintiff may be terminated only for "cause" as defined by Section 5(a) or upon thirty (30) days written notice by Plaintiff.

26.     The Engagement Agreement did not provide for termination of Plaintiff's employment by Defendant without cause.

27.     Notwithstanding the clear and unambiguous provisions of the Engagement Agreement, and contrary thereto, Defendant wrongfully discharged the Plaintiff without any showing of cause and without any notice whatsoever.

WHEREFORE, Plaintiff WILLIAM A. CARTER demands judgment against Defendant HEMISPHERX BIOPHARMA, INC. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and any further relief this Court deems just and proper.

## COUNT II:
## WRONGFUL TERMINATION OF EMPLOYMENT AGREEMENT

28.     Plaintiff CARTER re-alleges and re-avers the allegations of Paragraphs 1 through 21 as though fully set forth herein.

29.     The Employment Agreement set forth a fixed term of November 15, 2011 through December 31, 2016.

30.     The Employment Agreement provided that Plaintiff may be terminated only for "cause" as defined by Section 6(a) or upon thirty (30) days written notice by Plaintiff.

31.     The Employment Agreement did not provide for termination of Plaintiff's employment by Defendant without cause and Defendant was not permitted to terminate the Employment Agreement without cause.

6

32.     Notwithstanding the clear and unambiguous provisions of the Employment Agreement, Defendant wrongfully terminated the Plaintiff without any showing of cause and without any notice whatsoever, thereby damaging Plaintiff.

WHEREFORE, Plaintiff WILLIAM A. CARTER demands judgment against Defendant HEMISPHERX BIOPHARMA, INC. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and any further relief this Court deems just and proper.

**COUNT III:**
**BREACH OF ENGAGEMENT AGREEMENT**

33.     Plaintiff CARTER re-alleges and re-avers the allegations of Paragraphs 1 through 21, and Paragraphs 23 through 27, as though fully set forth herein.

34.     Section 6(b) of the Engagement Agreement provides that, in the event Plaintiff is terminated without "cause", Defendant shall pay to Plaintiff the fees otherwise due and payable to him through the last day of the then current term of the agreement.

35.     Defendant failed to provide any "cause" for Plaintiff's termination pursuant to Section 5(a) of the Engagement Agreement, failed to follow the provisions of the Agreement for termination for cause, and failed to fully compensate Plaintiff pursuant to Section 6(b) of the Engagement Agreement, thereby breaching the same and damaging Plaintiff.

WHEREFORE, Plaintiff WILLIAM A. CARTER demands judgment against Defendant HEMISPHERX BIOPHARMA, INC. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and any further relief this Court deems just and proper.

**COUNT IV:**
**BREACH OF EMPLOYMENT AGREEMENT**

36.     Plaintiff CARTER re-alleges and re-avers the allegations of Paragraphs 1 through 21, and Paragraphs 29 through 32, as though fully set forth herein.

37.     Section 7(b) of the Employment Agreement provides that, in the event the Plaintiff is terminated without "cause", Defendant shall pay to Plaintiff the compensation and benefits otherwise due and payable through the last day of the then current term of the agreement.

38.     Defendant failed to provide any "cause" for the Plaintiff's termination pursuant to Section 6(a) of the Employment Agreement, failed to follow the procedures for termination for cause, and failed to fully compensate Plaintiff pursuant to Section 7(b) of the Employment Agreement, thereby breaching the same and damaging Plaintiff.

WHEREFORE, Plaintiff WILLIAM A. CARTER demands judgment against Defendant HEMISPHERX BIOPHARMA, INC. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and for any further relief this Court deems just and proper.

## COUNT V:
## UNPAID WAGES

39.     Plaintiff CARTER re-alleges and re-avers the allegations of Paragraphs 1 through 21 as though fully set forth herein.

40.     Plaintiff CARTER worked for Defendant HEMISPHERX between December 6, 2011 and February 17, 2016 pursuant to a written Employment Agreement, a copy of which is attached hereto as Exhibit "B".

41.     On February 17, 2016, when Plaintiff ceased working for HEMISPHERX, Plaintiff had performed work for which he has not been paid.

42.     In addition, Plaintiff CARTER is entitled to be fully compensated for the current term of the Employment Agreement, including all unpaid salary, all unpaid director's fees, all unpaid bonuses, all unpaid benefits, and all stock options owed but not granted, in excess of One Million Dollars ($1,000,000.00).

43.     Plaintiff CARTER has been compelled to employ the undersigned attorneys to pursue this action, and CARTER has agreed to pay a reasonable fee for their services.

WHEREFORE, Plaintiff WILLIAM A. CARTER demands judgment against Defendant HEMISPHERX BIOPHARMA, INC. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), for the award of Plaintiff's reasonable attorney's fees and costs pursuant to Fla. Stat. §448.08, and for any further relief this Court deems just and proper.

<u>**COUNT VI:**</u>
<u>**UNLAWFUL RETALIATION**</u>

44.     Plaintiff CARTER re-alleges and re-avers the allegations set forth in Paragraphs 1 through 21, and Paragraph 43 above as though fully set forth herein.

45.     In violation of Fla. Stat. §448.102, Defendant has improperly terminated Plaintiff CARTER and prevented him from fulfilling his duties as a director in retaliation for his objection and refusal to participate in activities of Defendant which are in violation of the law, specifically the requirement that the independent directors be truly independent as required by the NYSE listing standards.

46.     Plaintiff has, in writing, brought the activity and/or policy to the attention of Defendant and has afforded Defendant a reasonable opportunity to correct the same, but Defendant has failed and refused to do so.

47.     As a direct and proximate result, Plaintiff CARTER has been damaged.


WHEREFORE, Plaintiff WILLIAM A. CARTER demands judgment against Defendant HEMISPHERX BIOPHARMA, INC. for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), for reinstatement to his position as Chairman of the Board and

Chief Executive Officer, for the award of attorney's fees and costs and any other relief that this

Court deems proper pursuant to Fla. Stat. §§448.103 and 448.104.

Dated: <u>February 19, 2016</u>

                                     Respectfully submitted,

                                     THE SILVER LAW GROUP, P.A.
*Attorneys for Plaintiff CARTER*
P.O. Box 710
Islamorada, FL  33036
(305) 664-3363   Telephone
(305) 664-3365   Fax
<u>psilver@silverlawgroup.com</u>
<u>linda@silverlawgroup.com</u>
<u>service@silverlawgroup.com</u>

By: <u>/s/ PATRICIA M. SILVER</u>
        Patricia M. Silver, Esq.
        Fla. Bar No. 198919